Robert E. Kovacevich
Attorney for Plaintiff
818 W. Riverside Avenue, Ste. 525
Spokane, Washington 99201
Telephone: (509) 747-2104
Facsimile: (509) 625-1914

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
JUN 29 2010
JAMES R. LARSEN, CLERK
DEPUTY
SPOKANE, WASHINGTON

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SHARON A. BRIDGE SUMNER,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW S. ASDELL, Tax Compliance Officer; MAXIMILLIAN EDWARDS, Revenue Officer; MARGE KENT, Revenue Officer; and THE UNITED STATES OF AMERICA;<br><br>Defendants. | No. CV-10-207-EFS<br><br>COMPLAINT FOR TEMPORARY AND PERMANENT RESTRAINING ORDER TO QUASH AND PREVENT FURTHER LEVIES ON PLAINTIFF'S WAGES; FOR DAMAGES FOR WRONGFUL ACTIONS IN TAX COLLECTION; AND FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692(b) |

Plaintiff alleges as follows:

Complaint - 1

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

## Jurisdiction and Venue

1. Jurisdiction of this action is based on 26 U.S.C. § 7421(a); 26 U.S.C. § 7426(b)(1); 26 U.S.C. § 6304(b) & (c); 15 U.S.C. § 1692i,k(d); 28 U.S.C. § 2410(a); 26 U.S.C. § 7433(a); 26 U.S.C. § 6213(b)(2)(A) and (B); 28 U.S.C. § 1340; 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(3) and (4). Venue is in the Eastern District of Washington.

## PARTIES

## Plaintiff

2. Plaintiff Sharon A. Bridge Sumner resides at 5227 Sunward Drive, Spokane, Washington. She is a party Plaintiff in her individual capacity. She is not the person who owes the tax of her husband, as the tax accrued in years before Plaintiff was married to him. She is not a taxpayer but has been levied on for her husband's taxes. Her earnings have been levied upon by the Internal Revenue Service for prior years income taxes owed by her husband, Norman E. Sumner when Plaintiff was not married

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

to him. Plaintiff has never been assessed the tax of her husband incurred in prior years or given any opportunity or notice or right to contest the tax.

**Defendants**

3. Defendant Andrew S. Asdell is a Tax Compliance Officer with the Small Business and Self-Employed Division of the Internal Revenue Service, 550 West Fort Street, Boise, Idaho 83724. He issued federal income tax and penalty assessments against Norman E. Sumner on December 17, 2009, for 2005. He is named in his official capacity and not personally.

4. Defendant, Maximillian Edwards is a Revenue Officer of the Internal Revenue Service, Washington District. His office is located at 920 W. Riverside Avenue, Spokane, Washington, 99201. He is named in his official and also personal capacity as he acted beyond the scope of his authority and violated the Collection Due Process law, 26 U.S.C. § 6330; the fair tax collection statute, 26 U.S.C. § 6304(b)(4) and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b.

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

5. Defendant Marge Kent is a Revenue Officer of the Internal Revenue Service at the Spokane, Washington, office located at 920 W. Riverside Ave., Spokane, Washington, 99201, and occupied this position at all times pertinent to this complaint. Marge Kent worked in conjunction with Defendant Maximillian Edwards to perpetuate a wrongful levy on Plaintiff's wages. She also filed a lien and assessed taxes against Norman Sumner. Defendant Marge Kent has been furnished the Affidavit of Plaintiff, a draft of this Complaint and a draft of Plaintiff's Memorandum of Authorities. She is named in her official and personal capacity. Defendant Marge Kent is included as a Defendant for all claims for relief.

6. Defendant United States of America is included as a Defendant herein for all claims for relief.

**BACKGROUND FACTS**

7. Plaintiff married Norman E. Sumner on June 14, 2008. Prior to their marriage and thereafter, as verified by her affidavit filed herein, the couple agreed on a separate property

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

agreement to keep their property, including their respective earnings, as the separate property of each. They kept and maintained separate bank accounts in which only the owner could withdraw funds. They did not mix earnings in the accounts and kept careful records of all receipts and disbursements. These records and conduct were consistent from the time of their marriage and throughout, including the present. At all times Plaintiff and Norman E. Sumner have resided in the State of Washington.

8. Prior to his marriage to Plaintiff, Norman E. Sumner was married to Mariel Gavirati Sumner from September 9, 2001, until the couple divorced on May 27, 2008. Norman E. Sumner was assessed delinquent income taxes for some or all of the taxable years 2001 through 2006, during the time he was married to Mariel Gavirati Sumner. The assessment did not mention community property rights. It was signed by Defendant Andrew Asdell and also Defendant Maximillian Edwards. Defendant Maximillian Edwards attempted to contact Norman

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

Sumner at his home but was denied entrance by Norman Sumner who indicated Edwards needed a search warrant to enter the home.

9. Norman E. Sumner's action was a peaceable exercise of his constitutional safeguards. Defendant Maximillian Edwards mailed appointment times and dates to Norman E. Sumner who declined to appear at the times and places stated. Defendants Maximillian Edwards and Marge Kent, working together, on June 10, 2010, harassed, intimidated and illegally and unconstitutionally levied on Plaintiff's separate salary owed by her employer, ZLB Bioplasma Inc., 1201 N. Kinzie Bradley, IL 60915; CSL Plasma, P.O. Box 511, Kankakee, IL 60901 c/o Karen Vellutini. The levy was for taxes that Plaintiff did not owe. It was also on her separate property. The levy was a malicious and intentional, illegal act of the two defendants who sought to force Plaintiff to make her husband comply with the demands of Defendants. It was also against the public policy to preserve the sanctity of marriage and the fundamental and central

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

components of constitutional due process.

10. Proof of the intentional and malicious act is contained in a letter dated June 18, 2010, signed by Defendant Maximillian Edwards addressed to Norman E. Sumner stating, "Until I receive all unfiled returns and financial information form 433-A, collection actions will continue." In addition to malicious and intentional infliction of economic injury, the act of levying on Plaintiff's separate earnings constitutes extortion. Plaintiff's earnings are separate property by an agreement with Norman E. Sumner and independently by Wash.Rev.Code 26.16.200. The statute exempts earnings from the non-debtor spouse, from levy for prenuptial tax debts. The Defendants did not give prior notice to Plaintiff or consider the separate property exemption. Plaintiff is the support of her two underaged daughters who live with her, Elena and Anna Bridge. Plaintiff is deprived of funds used to support her daughters due to Defendants malicious and illegal acts. Plaintiff was also deprived of the opportunity to file Innocent Spouse Relief allowed by 26 U.S.C. § 66 or 26 U.S.C. §

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

6013. Additionally and independently, Plaintiff was denied dependent exemption deductions from the amounts levied upon. Plaintiff has filed and paid all necessary federal income tax returns and timely paid all federal taxes due on her income. Plaintiff's representative furnished a copy of this district's decision in *Venie v. U.S.*, 61 A.F.T.R.2d ¶ 88-370 (1987) issued by Justin L. Quackenbush, District Court Judge, upholding immunity from separate earnings. The Defendants have ignored this decision.

11. Defendants have not given Plaintiff administrative notice, administrative hearings, nor have they proceeded in any legal manner whatsoever to give Plaintiff a fair hearing on the issue of whether she is an innocent spouse, nor did they comply with the collection due process laws. All these laws require notice and opportunity to be heard.

12. Neither of the Defendant revenue officers nor any IRS personnel have authority whatsoever to summarily determine collection issues against a person who does not owe the tax or

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

assume the function of a court or administrative tribunal. Plaintiff, during the periods involved here, was not a transferee, nominee, or alter ego or Norman E. Sumner. Defendants have no likelihood of prevailing on any levies. The actions of Defendants amount to a willful and egregious violation of the Fourth and Fifth Amendments of the U.S. Constitution.

13. If the levy is allowed to be paid over, the result will be that Plaintiff will be deprived of her property without due process, now and in future levies.

14. Plaintiff alleges that the harassment of the revenue officers will continue and Plaintiff has no speedy or adequate remedy at law to prevent continued collection efforts by the Internal Revenue Service. Plaintiff's employer has immunity, hence no wrongful collection action can be brought against the employer.

15. The conduct of the Defendants has violated Plaintiff's civil and constitutional rights.

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

## FIRST CLAIM

## Temporary Restraining Order

16. The Defendants wrongfully levied on Plaintiff's earnings, for taxes not owed by her but by a third party.

17. Under the circumstances, Plaintiff was egregiously and irreparably harmed by Defendants and the irreparable harm will continue unless an injunction is issued.

18. The levy will create irreparable injury to Plaintiff as she will be deprived of funds now used to support herself and her children. Further, Defendants have not commenced innocent spouse determinations or complied with collection due process safeguards required by 26 U.S.C. § 6330; 26 U.S.C. § 6901(g) or nominee, alter ego or transferee liability actions as required by law. Plaintiff is "one other than the taxpayer" and her right to her salary is superior to the government's. Therefore, the injunction is sustainable pursuant to 26 U.S.C. § 7426(a)(1) and (b)(1). All other remedies and administrative steps have been exhausted by Plaintiff. This action is also timely

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

brought within nine months of the Notice of Levy. Plaintiff is not liable to pay the alleged assessment against her husband. The Plaintiff's only ability to generate income at the present time is by gainful employment. Collecting tax through continued levy and sale of her property will irreparably injure Plaintiff. Irreparable injury will also result in denial of exemptions. Since the Defendants can rely on limited immunity, it is far from certain that Plaintiff can recover all the damage from Defendants that the levy will cause. Further, Plaintiff has insufficient funds to pursue protracted litigation. No harm will result to the United States as the levy is unconstitutional. Plaintiff has no plain, speedy or adequate remedy at law and applies for equitable relief under the circumstances. Plaintiff clearly will prevail on the merits of this suit as the facts are obvious. Procedural due process was not furnished to Plaintiff.

19. The Internal Revenue Service has wrongfully asserted levies and also wrongfully and illegally filed levies without notice against the salary of Plaintiff.

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

20. Wherefore, Plaintiff requests that the Court grant a Temporary Restraining Order and Temporary Injunction until this matter is tried and a permanent injunction after trial of this matter.

21. Plaintiff also requests an evidentiary hearing after the temporary restraining order is granted.

**SECOND CLAIM**

**Damages for Constitutional Violations and Violations Under Taxpayers Rights Act**

22. Plaintiff has exhausted all the remedies available to her. In addition, any additional administrative remedies that would have been made by the Defendants are meaningless and unfruitful if taken by Plaintiff. Plaintiff has attempted to mitigate her damages by proposing meetings with Defendant's agents, but no relief was offered to Plaintiff.

23. Plaintiff has incurred great anxiety, loss of time, traveling expenses, attorney and accounting expenses and will incur further loss of time and greater expense.

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

24. Plaintiff alleges on information and belief that further harm will result to Plaintiff as a result of the actions by Defendants and reserves the right to allege additional elements of damage as they occur.

25. This action is timely as it is brought within two years from the date that compensable damages have occurred.

26. The Defendant, United States of America, through its Internal Revenue Service Revenue Agents, has recklessly, carelessly, and erroneously attempted to enforce a levy and collect taxes from Plaintiff through wrongful levies and seizure upon other salary of Plaintiff and through other improper actions, all of which occurred in Spokane County, Washington.

27. Defendant's agents have been provided with all information necessary to ascertain the facts. Further, they had access to greater sources of information than Plaintiff to ascertain that the collection actions were improper. Plaintiff alleges that the unlawful collection action will continue, and all administrative remedies in this case have been exhausted.

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

28. During the period alleged, Plaintiff was attempting to mitigate any damage to her and engaged an attorney to contact the Internal Revenue Service to inform them that the collection action was wrongful. Said agents of the Defendant were in fact so informed but refused to cease collection action.

29. Plaintiff did not contribute to Defendant's wrongful conduct in any manner whatsoever during the time this cause of action accrued.

30. As a direct and proximate result of the willful negligent or unconstitutional reckless actions of the Defendant's agents, the Plaintiffs have suffered direct economic damages in a sum yet to be ascertained but at least $100,000. Plaintiff also challenges the constitutionality of this "cap" on damages and will attempt to prove a greater loss.

## DEMAND FOR A JURY TRIAL

31. Pursuant to Fed.R.Civ.P 38, Plaintiff demands a jury trial on all issues triable by a jury.

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

A. For a temporary restraining order;

B. For a temporary injunction;

C. For a permanent injunction;

D. For a ruling that the two exemptions from the IRS normally allows persons levied upon to be applied to the June 10, 2010, levy and all other levies in the future;

E. For an evidentiary hearing pursuant to a temporary restraining order;

F. For a jury trial of all the issues presented by this complaint pursuant to Fed.R.Civ.P 38(b);

G. For a total of $100,000 for each wrongful action and other relief available to her under 26 U.S.C. § 7432, 26 U.S.C. § 7433 of the Internal Revenue Code and 15 U.S.C. § 1692 of the Fair Debt Collection Act;

H. Plaintiff further prays that the Court order all levies filed by Defendants be permanently released, vacated and not

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

refiled in the future;

I. Plaintiff prays for judgment against Defendant United States of America in a sum yet to be ascertained but under $100,000 unless the "cap" is unconstitutional.

J. For Plaintiff's attorney's fees as are allowable under 28 U.S.C. § 2412(b) and (c)(1); and 26 U.S.C. § 7430;

K. For Plaintiff's costs hereunder;

L. For such other and further relief as this Court deems just and proper.

DATED this 29th day of June 2010.

ROBERT E. KOVACEVICH, #2723
Attorney for Plaintiff
818 W. Riverside Avenue, Ste. 525
Spokane, Washington 99201
(509) 747-2104

Complaint - 16

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

**VERIFICATION**

Plaintiff, Sharon A. Bridge Sumner, certifies or declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except for allegations on information and belief in which she believes are true and correct.

DATED this 29th day of June 2010.

Sharon A Bridge Sumner
SHARON A. BRIDGE SUMNER

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914