Robert E. Kovacevich
Attorney for Plaintiff
818 W. Riverside Avenue, Ste. 525
Spokane, Washington 99201
Telephone: (509) 747-2104
Facsimile: (509) 625-1914

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 29 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON A. BRIDGE SUMNER,  )<br>)<br>Plaintiff,   )<br>)<br>v.    )<br>)<br>ANDREW S. ASDELL, Tax   )<br>Compliance Officer; MAXIMILLIAN )<br>EDWARDS, Revenue Officer;  )<br>MARGE KENT, Revenue Officer; and )<br>THE UNITED STATES OF   )<br>AMERICA;    )<br>)<br>Defendants.   )<br>_____) | No. CV-10-207-EFS<br><br>PLAINTIFF'S<br>MEMORANDUM<br>OF AUTHORITIES<br>IN SUPPORT OF<br>TEMPORARY<br>RESTRAINING<br>ORDER |

Plaintiff, through her attorney, submits the following points and authorities in support of a temporary restraining order and permanent injunction:

Pl. Memo in Support of TRO - 1

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

## BACKGROUND

Fed.R.Civ.P 65(b) allows temporary restraining orders to be issued without notice. At this time, no levy for any wages is unsatisfied, hence security or bond is not an issue. Defendants have been furnished with a draft of this complaint. The statute is clear. It states in its relevant parts as follows:

> § 7426. Civil actions by persons other than taxpayers.
>
> (a) Actions permitted.-
>
> (1) Wrongful Levy.-If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the secretary .....
>
> (b) Adjudication.-The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:
>
> (1) Injunction.-If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United

Pl. Memo in Support of TRO - 2

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.

(2) Recovery of property.-If the court determines that such property has been wrongfully levied upon, the court may-

(A) order the return of specific property if the United States is in possession of such property.

Judge Robert McNichols' opinion in *Sodorff v U.S.*, 614 F.Supp. 74, (E.D. Wn 1985) is exactly in point. The Court states at 76:

> "The only logical interpretation of the quoted section is that if the court determines that the rights in property of one other than the taxpayer are superior to the United States and a sale would irreparably injure that person's right, the court may enjoin the sale. Consequently, I conclude that this court has jurisdiction."

The Anti-Injunction Act has eight exceptions. Plaintiff is within 26 U.S.C. § 7426(a) as she claims wrongful levy against her separate wages. Jurisdiction is obtained under 7426(b)(1) as irreparable injury is caused by a wage levy. Injunctive relief under (a)(1) is allowed as an exception to the general prohibition

Pl. Memo in Support of TRO - 3

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

of 26 U.S.C. 7421. Here, Plaintiff was never assessed the tax either as a transferee under 26 U.S.C. § 6902 or any other statute. A party who is levied on but who does not owe the tax is not a taxpayer. *U.S. v Williams,* 514 U.S. 527, 535, (1995). Other cases are *Flores v U.S,* 551 F.2d 1169, 1171 (9th Cir. 1977); *Jensen v I.R.S.,* 835 F.2nd 196 (9th Cir. 1987); *Rodriguez v U.S.,* 629 F.Supp. 333, 340 (N.D.Ill 1986); *Talbot v U.S.,* 850 F.Supp. 969 (D.C. Wyo 1994).

The Washington State community or separate property statutes apply to ownership or interest in earnings for federal tax purposes. *Poe v Seaborn,* 282 U.S. 101, 110, (1930); *U.S. v Mitchell,* 403 U.S. 190, 197 (1971). Separate property agreements transmuting community earnings to separate earnings are binding on the Internal Revenue Service. *Fleming v. Commissioner,* T.C. Memo 1984-130. *Venie v. U.S.,* 61 A.F.T.R.2d 88-523, opinion by Justin L. Quackenbush. Ed Wn. No. C-86-1012-JLQ, November 3, 1987.

Pl. Memo in Support of TRO - 4

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

In *Bank of Nebraska La Vista v U.S.*, 949 F.2d 263 (8th Cir. 1991), the Court held that the action by the Internal Revenue Service in failing to list a prior bank lien on a vehicle title caused irreparable harm when the vehicle was sold and the lien eradicated by the IRS' actions.

Here the notice of seizure was on June 21, 2010. The action is brought within the nine month period of 26 U.S.C. § 6532 (c)(1), if in fact it applies.

Whether or not the nominee, transferee or alter ego doctrine can apply in federal matters requires the application of state law. *Wolfe v U.S.*, 806 F.2d 1410 (9th Cir. 1986); *Talbot v U.S.*, 850 F. Supp 969 (D.C. Wyo 1994).

Of prime importance in this case in so far as injunction is concerned is the fact that the Plaintiff never received to any notice or right to a hearing before the levy on her wages. Seizure without following any constitutional mandates against deprivation of property is not allowed by any specific section of

Pl. Memo in Support of TRO - 5

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

the Internal Revenue Code, nor has state action been commenced.

*Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) holds that due process is violated when judgment is awarded against strangers to litigation who are not provided notice and opportunity to defend. The Ninth Circuit holds that traditional due process forbids punishment where a non-party victim is unable to present a defense. *Merrick v. Paul Revere Life Insurance*, 500 F.3d 1007, 1015 (9th Cir. 2007). Plaintiff was never served with any notice nor was she joined in the IRS assessment made against her husband. She has no notice whatsoever of Defendant's action. The IRS intentionally levied on her pay. The Internal Revenue Manual IRM 5.11.2.1.7 states at (2):

> **If the levy is mailed, do not send the taxpayer copy immediately.** Wait long enough so the taxpayer does not get the levy before the levy source does. Consider local experience with mailing times and promptness of a particular entity's compliance.

Pl. Memo in Support of TRO - 6

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

IRM 5.11.5.4.5 instructs that exemptions can be denied if they defeat the levy. Plaintiff was denied exceptions for her children on the one half of her salary as the IRS Manual requires that the exemptions are applied to the one half that goes to Plaintiff. This treatment violates due process.

*McDonald v. Chicago*, No. 08-1521, U.S. Supreme Court, June 28, 2010, holds that basic rights of due process that are within the historical conception of due process are inherent. The right to be paid is inherent to due process.

Specifically, the Internal Revenue Code, 26 U.S.C. § 6330 (a) and (d) provide for a notice and hearing prior to levy. The Tax Court in *Shea v. Commissioner*, 112 T.C. 183, 197 (1999) requires that a separate petition notifying a spouse of community property liability must be contained in the notice of deficiency. Plaintiff never received any notice. Her spouse's notice did not refer to community property rights.

*Fuentes v Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v Family Finance Corporation of Bay View*,

Pl. Memo in Support of TRO - 7

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
Fax 509/625-1914

395 U.S. 337, 89 S.Ct. 1820 23 L.Ed 2nd 349 (1969); *Tulsa Professional Collection Service v Pope*, 485 U.S. 478, 108 S. Ct., 1340, 99 L. Ed, 2d 565 (1998) all clearly hold that due process requires notice, and a chance to be heard in a court of competent jurisdiction before property can be seized or sold. No such constitutionally protected procedure has occurred here, hence an injunction against levy should issue on the theory that federal constitution protects against the seizure and sale of third party property without due process.

The Plaintiff's affidavit filed herein establishes the separate property agreement. This law in the district prohibits a levy on the spouse whose earnings are agreed to be separate.

The community property law of Washington also applies and prohibits a levy on the wages of the non-debtor spouse. 19 Wash. Prac. § 14.7 states "recovery is limited to the earnings of a spouse who owes the separate debts." The levy is on the salary of plaintiff who does not owe the taxes. *Haley v Highland,* 142 Wash. 2d 135, 148, 12P.3d 119 (2000) reviews the statute,

Pl. Memo in Support of TRO - 8

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

Wash.Rev.Code 26.16.200 and states "Furthermore, under this court's decisional law, community property is generally not available to satisfy the separate debts of either spouse." The 1969 amendments, even if applicable, require that an action against the spouse must be completed within 3 years. The Internal Revenue Code 26 U.S.C. § 6330(a) and (d); 6331(a) added in 1998 require notice and hearing and a right to a fair hearing [6330(b)] before a levy can be made. A tax court review before levy is also allowed. 26 U.S.C. § 6330(d)(i).

Plaintiff never received any of the prior notice statutory requirements. 26 U.S.C. § 6304 also prohibits "any abuse of any person in connection with the collection of any unpaid tax." Abuse would include the levy without notice. This section also grants jurisdiction to the District Court. 26 U.S.C. § 6304(c); 26 U.S.C. § 7433(a). The injunction is proper and meets all legal precedent.

Pl. Memo in Support of TRO - 9

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

Dated this 29th day of June, 2010.

Respectfully Submitted,

*[signature]*

ROBERT E. KOVACEVICH
Attorney for Petitioner
818 West Riverside, Suite 525
Spokane, WA 99201
Tax Court No. KR0460

Pl. Memo in Support of TRO - 10

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914